**FEDERAL DISCTRICT COURT OF WASHINGTON**
**WESTERN DISTRICT AT TACOMA**

| | |
|---|---|
| JACOB LEROY LUNDY, an individual, WELDON LEROY LUNDY an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PIERCE COUNTY SHERIFF'S DEPARTMENT, a political subdivision of the state of Washington, PIERCE COUNTY SHERIFF'S DEPARTMENT, DEPUTY LUCAS BAKER, a former Pierce County Deputy, and DOES 1 through 5, inclusive,<br><br>Defendants. | No. 3:22-cv-5405<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY**<br><br>**JURY DEMANDED** |

COMES NOW Plaintiffs, Jacob Leroy Lundy ("Jacob) and Weldon Lundy ("Weldon") by and through their attorney, Stephen J. Plowman, and state the following facts and claims against the named Defendants:

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 1 of 12

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. SJPLOWMANLAW@GMAIL.COM

## I.     PARTIES AND JURISDICTION

1.1    Plaintiff, Jacob, was at all relevant times, a single individual residing in Pierce County, Washington.  Jacob brings this action in his separate capacity.

1.2     Plaintiff, Weldon is an individual and at all relevant times mentioned hereafter, was a resident of Pierce County, Washington and brings this action in his separate capacity.

1.3     Defendant, Pierce County Sheriff's Department ("PCSD"), is a political subdivision of the County of Pierce, State of Washington located in Pierce County, Washington. All actions on the part of Deputy Baker and K9 Unit "Dan" constitute state actions for purposes of Civil Rights Violations as described hereafter.

1.4     During all relevant times alleged hereafter, Defendant, PCSD employed, trained and supervised Deputy Luke Baker (K917) and is ultimately responsible for the actions and conduct of  Deputy Baker and K9 Partner Dan.

1.5     Deputy Lucas Baker is an individual who was employed, at all relevant times as a Pierce County Sheriff's Department Deputy ("Deputy Baker") and Deputy Baker was at all relevant times, the designated dog handler for K9 Unit Dan.

1.6     Other Deputies or law enforcement personnel are identified as Does 1-5 were also employed by PCSD, Washington Department of Corrections, Federal Drug Enforcement Agency and/or U. S. Marshall Service and may have been present and responsible, in part, for the actions of Deputy Baker and K9 Dan during the arrest of Jacob on April 4, 2019.

1.7     Plaintiffs submitted a Claim for Damages Form to Pierce County on March 31, 2022. Plaintiff did not receive any acknowledgement by Pierce County Risk Investigators other than the Receipt Stamp affixed to the Copy of the Claim Form dated March 31, 2022. Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 2 of 12

Stephen J. Plowman  WSBA No. 21823
8048 NE 8th Street
Medina, Washington 98039
Tel. (425) 233-0321
Email. sjplowmanlaw@gmail.com

were not contacted by any representative from Pierce County in regard to the March 31, 2022 Claim. Plaintiffs have otherwise complied with all pre-requisites to filing suit against local government and its agencies pursuant to RCW 4.96.020 and PCC 4.36.005 et seq.

1.9 Subject matter jurisdiction is appropriate in the federal courts premised upon the civil rights violations being asserted under 42 U.S.C. §1983.

## II. BACKGROUND

2.1 This matter arises out of an encounter with the PCSD Deputies, Jacob and Weldon Lundy on or about April 4, 2019 during the arrest and apprehension of Jacob and Weldon at 9512 202nd Avenue East, Bonney Lake, WA 98391 by the named individual PCSD Deputy, Lucas Baker, K9 Dan and other law enforcement officers.

2.2 On or about April 4, 2019, PCSD assisted Washington Department of Corrections Probation hunt down and apprehend Jacob and Weldon Lundy for alleged probation violations.

2.3 One of the responding PCSD Deputies reported that Jacob and Weldon Lundy contacted Plaintiffs to execute a no bail Department of Corrections ("DOC") warrant for escape from community custody.

2.4 On April 4, 2019, Deputy Baker, with the assistance of K9 Dan located Jacob and Weldon in the garage of their neighbors' house. PCSD Deputies entered the garage and removed several persons, who were in the garage area.

2.5 PCSD Deputies contained the garage area by posting a Deputy at the door between the living area of the house and garage after removing occupants of the garage. Deputies Steben, Baker and K9 Dan entered the garage area.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 3 of 12

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. SJPLOWMANLAW@GMAIL.COM

2.6     PCSD Deputy Steben located Weldon under a truck in the garage and ordered him to come out.  Weldon did not reply and did not move initially.  After having been ordered to come out again, Weldon began to move to extricate himself from beneath the truck. At that point PCSP Deputies moved some debris and furniture clearly exposing Weldon's head and upper torso. Weldon was not armed, made no threat to PCSD Deputies or other law enforcement personnel and was not resisting arrest.

2.7     PCSD Deputy Steben also clearly identified Weldon's legs protruding from beneath the truck.  As Weldon was making efforts to physically extract himself from under the truck, orders were given by Deputy Baker to K9 to attack Weldon.

2.8     K9 Dan immediately inflicted severe bites on the leg(s) of Weldon as Weldon was making efforts to come out from under the truck in compliance with orders from PCSD Deputies. As a result of the attack and biting of Weldon's leg by K9 Dan, Weldon sustained severe dog bite wounds resulting in pain and suffering.

2.9     Jacob Lundy was positioned in the same garage but had wedged himself horizontally in a cabinet a few feet from the truck where Weldon was located and apprehended.

2.10    Deputies called out to Jacob who did not respond initially.

2.11    Deputy Baker approached the cabinet where Jacob had secreted himself and opened double doors to the cabinet.  Jacob was laying on his side with his face and arms clearly visible. Jacob was not armed and made no threats to PCSD Deputies.  Jacob's head and arms were clearly exposed to Deputy Baker.  Jacob made eye contact with Deputy Baker who was no more than two feet away from Jacob.  Deputy Baker allowed K9 sniff at Jacob but did not order K9 Dan to attack at this moment.  Deputy Baker then closed the cabinet doors.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 4 of 12

Stephen J. Plowman  WSBA No. 21823
8048 NE 8th Street
Medina, Washington 98039
Tel. (425) 233-0321
Email.  sjplowmanlaw@gmail.com

2.12    Deputy Baker then signaled to K9 Dan a small opening exposing Jacob's head only and commanded K9 Dan to "Get him, boy, get him" through a small portal in the cabinet. Deputy Baker allowed K9 Dan to engage Jacob through the portal which resulted in Jacob being severely bitten on the top of his head with K9 Dan's teeth cutting into Jacob's temples. The pain was so exquisite that it caused Jacob to defecate and temporarily lose consciousness.

2.13    Jacob regained consciousness and heard Deputies Baker and Steben commanding Jacob to get out of the cabinet even while K9 Dan had his mouth clamped down on Jacob's head through the portal. Jacob screamed at the Deputies to remove the dog and that he was stuck in the cabinet. Deputies responded to the effect that Jacob got himself into the cabinets and could get himself out.

2.14    In compliance with Deputies commands, Jacob managed to roll out of the cabinet onto the floor with K9 Dan still attacking Jacob's head. After Jacob was on the floor, K9 Dan continued to bite at Jacob's head, arms and hands. Deputy Baker yelled at Jacob to stop resisting and Jacob responded that he was not resisting but the dog persisted in the attack on Jacobs arms and hands while being encouraged and commanded to continue the attack by Deputy Baker who repeated his commands to "get him."

2.15    Jacob attempted to protect his head by pushing K9 Dan's mouth away from his head but one of the Deputies struck at Jacob's hands leaving his head and arms entirely exposed to the attack of K9 Dan. K9 Dan again aggressively bit and continued to bite the head and arms of Jacob while Deputy Baker stood by holding K9 Dan's leash.

2.16    Eventually, Deputy Baker pulled K9 Dan away from Jacob, At this point in time, Jacob has sustained severe wounds to his head and hands and was bleeding profusely

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 5 of 12

Stephen J. Plowman  WSBA No. 21823
8048 NE 8th Street
Medina, Washington 98039
Tel. (425) 233-0321
Email. sjplowmanlaw@gmail.com

## III. FIRST CAUSE OF ACTION

(42 U.S.C. §1983 Against PCSD and Deputy Baker)

3.1     Plaintiff incorporates all prior allegation into this First Cause of Action.

3.2     In accordance with 42. U.S.C. §1983, Plaintiff asserts causes of actions premised upon the violations of Jacob's and Weldon's rights under the Fourth and Fourteenth Amendments.  No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.   With regard to PCSD Deputy Baker,  Plaintiff maintains the usage of excessive force with regard to the unnecessary release of K-9 Dan after Weldon and Jacob were located, identified as having no weapons, had not resisted arrest, presented no risk of flight and had not threated PCSD Deputies or any other person in any way.  Weldon had begun to comply with PCSD demands to extricate himself from beneath the truck when orders were given by Deputy Baker to attack.

3.3     Similarly, Deputy Baker approached Jacob, clearly identified Jacob and because of Jacob's position wedged horizontally in a cabinet, identified Jacob and saw that he had no weapons, had not resisted arrest, presented no risk of flight and had not threated PCSD Deputies or any other person in any way.  The order by Deputy Baker to "Get him" on multiple occasions served no police objective and served only to inflict unnecessary damage and injury to Jacob.

3.4     Each of the dog bites and attacks, individually and collectively, constituted the use of excessive and unnecessary force and deprived Jacob and Weldon Lundy of their rights under the 4th and 14th Amendments to the United States Constitution .

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 6 of 12

Stephen J. Plowman  WSBA No. 21823
8048 NE 8th Street
Medina, Washington 98039
Tel. (425) 233-0321
Email.  sjplowmanlaw@gmail.com

3.5     With regard to Pierce County Sheriff's Department, Plaintiff asserts a pattern and practice of the same or similar civil rights violations perpetrated by officers, deputies or administrative staff within the PCSD and ratified by supervising officers.

3.6     PCSD, its supervisors, training staff and chain of command were negligent and grossly negligent in their supervision, monitoring, training and governance of Police Dogs and Deputy Handlers in allowing such lack of supervision, training or monitoring to prevent the unnecessary excessive force utilized to subdue Weldon and Jacob Lundy in circumstances where both Jacob and Weldon were clearly located, confined in a guarded garage, visible to Deputies, not engaged in active resistance to arrest, not threatening Deputies or civilians and who presented no flight risk.  Both Lundys were unarmed.  Weldon had already begun to move himself out from under the truck.  Jacob was in the process of complying with Deputies' orders as he was continually bitten by K9 Dan at the direction of Deputy Baker.

3.7     As a direct and proximate result from Defendants' collective conduct, Weldon Lundy sustained severe pain, suffering and permanent scarring from the K9 biting attack caused by Deputy Baker and K9 Dan.

3.8     As a direct and proximate result from Defendants' collective conduct, Jacob Lundy sustained severe, pain, suffering and permanent scarring from the K9 biting attack caused by Deputy Baker and K9 Dan.

3.9     Defendants are liable to Plaintiffs in the amount of not less than One Million Dollars for the damages and permanent injuries sustained by Plaintiffs Jacob and Weldon Lundy as alleged above and judgment should be entered in favor of Plaintiffs and against each Defendant, jointly and severally for all damages sustained by Plaintiffs.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 7 of 12

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8th STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
Email.  sjplowmanlaw@gmail.com

## IV.   SECOND CAUSE OF ACTION

(Negligence as to Deputy Lucas Baker)

4.1   Plaintiff references all prior allegations as though fully set forth in this Second Cause of Action.

4.2   In his capacity as PCSD Deputy, Deputy Baker owed a duty to Plaintiffs, once Plaintiffs were located, identified, ascertained as being unarmed, presented no flight risk and made no attempt to flea the garage where they were found, to restrain and prevent K9 Dan from inflicting bite wounds, injuries or further attack on Jacob and Weldon Lundy.

4.3   Deputy Baker breached his duty to protect Plaintiff from excessive and unreasonable force  and harm from K9 Dan by allowing K9 Dan to attack and inflict repeated bites upon Weldon and Jacob Lundy after each Plaintiff was clearly located, found unarmed, non-threatening to police or civilians and presenting no further risk of flight.

4.4   Plaintiffs each suffered damages and harm to their persons and such harm was proximate to and a direct result of Defendant Deputy Baker's negligence in the form of permanent scarring, permanent partial disability and emotional trauma caused by the PCSD sanctioned attack of K9 Dan.

4.5   Plaintiffs suffered physical, emotional and financial damages as a direct and proximate result of KCSO Deputy Baker and K9 Dan on April 4, 2019 in an amount to proven hereafter at Trial in an amount not less than $1,000,000.00.

## V.   THIRD CAUSE OF ACTION

(Negligence as to PCSD for lack of Supervision, Training and Oversight)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 8 of 12

Stephen J. Plowman  WSBA No. 21823
8048 NE 8th Street
Medina, Washington 98039
Tel. (425) 233-0321
Email.  sjplowmanlaw@gmail.com

5.1     Plaintiff references all prior allegations as though fully set forth in this Third Cause of Action.

5.2     In its capacity as a political subdivision of the state of Pierce County, Washington, PCSD owed a duty to Plaintiffs to supervise the conduct of its deputies regarding excessive and unwarranted force and provide proper training to its deputies and especially the K9 unit.  PCSD owed a duty to Plaintiffs to provide clear policy guidelines to restrain a police dog once a suspect clearly located, rendered harmless, has not threatened civilians or police authorities, has no means of escaping and has no firearms, demonstrates no violence and is not actively resisting arrest.

5.3     PCSD breached its duty to protect Plaintiffs from excessive and unreasonable force and harm from the Defendant Deputy Baker and K9 Dan by allowing failing to supervise, oversee and train PCSD Deputies and Dog Handlers in the situations like the one described above.

5.4     Plaintiffs suffered damages and harm to their persons (Weldon Lundy's leg and Jacob Lundy's head and hand) as proximate and direct result of PCSD's negligence in the form of pain and suffering, permanent scarring, permanent partial disability and emotional damages and other damages which may be adduced at trial.

5.5     Plaintiff suffered physical, emotional and financial damages as a direct and proximate result of PCSD's failure to supervise and train its deputies' conduct on April 4, 2019 in an amount to proven hereafter at Trial in an amount not less than $1,000,000.00.

## VI.     FOURTH CAUSE OF ACTION

(Assault and Battery as to Defendant Deputy Baker)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 9 of 12

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. SJPLOWMANLAW@GMAIL.COM

6.1  Plaintiff references all prior allegations as though fully set forth in this Fourth Cause of Action.

6.2  The actions allege above by Deputy Baker constitute assault by threatening to use illegal excessive and lethal force by unleashing K9 Dan under circumstances that did not warrant the use of any force whatsoever.

6.3  Deputy Baker committed battery as to Weldon and Jacob Lundy by causing K9 Dan to attack and bite Plaintiffs and otherwise commit harmful and offensive touching.

6.4  As a direct and proximate result of PCSD's assault and battery, Plaintiff suffered physical, emotional and financial damages on April 4, 2019 in an amount to proven hereafter at Trial in an amount not less than $1,000,000.00.

**FIFTH CAUSE OF ACTION**

(Strict Liability as to All Defendants under RCW 16.08.040 and

RCW 4.24.410  carve out)

7.1  Plaintiff references all prior allegations as though fully set forth in this Fifth Cause of Action.

7.2  Deputy Baker's actions by issuing commands to K9 Dan to attack both Weldon and Jacob Lundy under conditions and circumstances that did not warrant the use of any force whatsoever.

7.3  Pursuant to RCW 16.08.040, King County and KCSO Deputy Baker is strictly liable for injuries sustained by Plaintiff as a result of being bitten by the K-9 Dan utilized during Plaintiffs' arrest.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 10 of 12

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. SJPLOWMANLAW@GMAIL.COM

7.4    Defendants, and each of them, may not invoke immunity proffered by RCW 4.24.410 by reason that Deputy Baker was not acting "in good faith" when K9 Dan was ordered to attack Weldon and Jacob Lundy once Plaintiffs were clearly located, rendered harmless, had not threatened civilians or police authorities, had no means of escaping, had no firearms, demonstrated no violence and were not actively resisting arrest.

7.5    As a direct and proximate result of PCSD's and the Deputy Baker's failure to restrain K9 Dan under the condition described above, Plaintiff suffered physical, emotional and financial damages resulting from the April 4, 2019 K9 attack in an amount to proven hereafter at trial in an amount not less than $1,000,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, having set forth their respective causes of action herein against Defendants, prays for judgment against Defendants and each of them as follows:

1.    For a judgment, jointly and severally amongst all Defendants for their violation of Plaintiff's Civil Rights under 42 U.S.C. §1983, for general and special and punitive damages in amounts as shall be proven at trial;

2.    For a judgment, jointly and severally amongst Deputy Baker and PCSD by reason of their negligence and breach of duty with respect to Plaintiff, for general and special damages proximately resulting from Defendant's negligence in amounts as shall be proven at trial, but not less than $1,000,000.00;

3.    For a judgment against PSCO by reason of its failure to supervise, oversee and train its Deputies and K9 handlers and breach of duty with respect to Plaintiffs, for general and

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 11 of 12

STEPHEN J. PLOWMAN WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. SJPLOWMANLAW@GMAIL.COM

special damages proximately resulting from Defendant's negligence in amounts as shall be proven at trial, but not less than $1,000,000.00;

4. For a judgment, joint and several, against all Defendants for damages sustained by Plaintiffs by reason of Defendant, Deputy Lucas Baker's assault and battery, for general and special damages proximately resulting from Defendant's assault and battery in amounts as shall be proven at trial, but not less than $1,000,000.00;

5. For a judgment, jointly and severally amongst all Defendants through strict liability under RCW 16.08.040 and RCW 4.24.410 in amounts as shall be proven at trial, but not less than $1,000,000.00;

6. For general, special and punitive damages, prejudgment interest and post judgment interest in amounts as shall be proven at trial including all taxable costs, reasonable attorney's fees in accordance with law, and otherwise, for Plaintiffs costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and equitable under the circumstances.

DATED this 3rd day of June 2022.

        *s/Stephen J. Plowman*
        Stephen J. Plowman, WSBA No. 21823
        Representing Plaintiffs, Jacob and Weldon Lundy
        8048 NE 8th Street
        Bellevue, WA  98004
        Tel. (425) 233-0321
        Email:  sjplowmanlaw@gmail.com

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ASSAULT AND BATTERY, STRICT LIABILITY

Page 12 of 12

STEPHEN J. PLOWMAN WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. SJPLOWMANLAW@GMAIL.COM