UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB LEROY LUNDY; WELDON LEROY LUNDY,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY SHERIFF'S DEPARTMENT; LUCAS BAKER; DOES 1-5,<br><br>Defendant. | Case No. 3:22-cv-05405-TMC<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT |

Before the Court is Plaintiffs Jacob Leroy Lundy and Weldon Leroy Lundy's (the "Lundys") motion to amend their complaint. Dkt. 31. Based on the extreme liberality with which amendments are allowed under Federal Rule of Civil Procedure 15, and the lack of prejudice to Defendants, the Court GRANTS the motion.

### I. BACKGROUND

The Lundys filed their initial complaint on June 3, 2022, asserting claims that Defendants had violated their constitutional rights due to excessive force used during an April 2019 arrest of the Lundys. *See* Dkt. 1. The Lundys previously amended their complaint on September 5, 2022. Dkt. 10. On December 22, 2023, the Lundys filed the instant motion to amend their complaint a

ORDER GRANTING MOTION TO AMEND COMPLAINT - 1

second time. Dkt. 31. Defendants Lucas Baker ("Officer Baker") and the Pierce County Sheriff's Department ("Pierce County") oppose the motion. Dkt. 32.

The Lundys seek to amend their complaint with additional facts taken from Defendants' depositions of both Lundys. *See* Dkt. 31-1 at 9–10. They include these facts as revisions to their first cause of action. *Id*. at 11–12. Additionally, the Lundys delete their third cause of action against Pierce County, which had asserted a pattern and practice of civil rights violations and a failure to supervise and train its police officers. *Id*. at 13–17. They also delete their claim against Officer Baker for assault and battery. *Id*. at 19.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts must apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). At times, amendment may be allowed even during or after trial. *See* Fed. R. Civ. P. 15(b).

A motion to amend under Rule 15(a)(2) "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The crucial factor is prejudice, while delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Travelers Prop. Cas. Co. of America v. AF Evans Co.*, No. C10-1110-JCC, 2012 WL 12882900, at *2 (W.D. Wash. Aug. 30, 2012) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1972); *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)) (internal citations and quotations omitted).

"In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Webb*, 655 F.2d at 979; *see also Chudacoff*, 649 F.3d at 1152. Relatedly, while Federal Rule of Civil Procedure 15(b) concerns amendments during and after trial, the text further aligns with the overall aim of Rule 15 that "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1); *see also Webb*, 655 F.2d at 979. For example, another court in this Circuit has found that amendments for "edits to conform to evidence" before trial serve "the significant interest in a complete adjudication" which outweighs any prejudice suffered when "all parties are represented by competent counsel." *See Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, No. 14-CV-03953-BLF, 2015 WL 1737691, at *3, n.3 (N.D. Cal. Apr. 13, 2015).

B.      **Leave to Amend**

The Court grants the Lundys' request for leave to amend their complaint. The Court must grant leave to amend "freely" and "with extreme liberality." Fed. R. Civ. P. 15(a)(2); *Eminence*, 316 F.3d at 1051. Defendants' opposition argues that the Lundys' amendment is untimely, futile, and unduly prejudicial to Defendants as it may cause further delay to the trial schedule. Dkt. 32 at 2–3. The Court disagrees. "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend," and although (as Defendants point out) the deadline in the case scheduling order for amending pleadings has passed, that is but one factor the Court must consider in determining whether the delay is undue. *See Travelers*, No. C10-1110-JCC, 2012 WL 12882900, at *2. Here, the Lundys moved to amend soon after the depositions that prompted the amendment. Accordingly, the Court examines the other issues of futility and prejudice. *Id*.

ORDER GRANTING MOTION TO AMEND COMPLAINT - 3

The Lundys' proposed amendments do not appear to be futile or made in bad faith. Their revisions add factual detail from their depositions taken in November 2023, *see* Dkt. 31-1 at 22–39, and delete claims previously dismissed by this Court, *see* Dkt. 14. As for prejudice to the Defendants, the Lundys' claims remain the same, *see* Dkt. 31-1 at 5–20, and the addition of facts from their November 2023 depositions may instead aid in a more "complete adjudication" of this proceeding, *see Monterey Bay Mil. Hous.*, No. 14-CV-03953-BLF, 2015 WL 1737691, at *3. The proposed amendments should not cause any delay of the trial date nor any other prejudice to the Defendants. The crucial factor in granting or denying leave to amend is prejudice to the opposing party. *See Chudacoff*, 649 F.3d at 1152; *Travelers*, No. C10-1110-JCC, 2012 WL 12882900, at *2. Because there is no prejudice to the Defendants, the Lundys' motion for leave to amend is granted.

### III.  CONCLUSION

For these reasons, the Court GRANTS the Lundys' motion to amend their complaint (Dkt. 31). Consistent with Local Civil Rule 15, the Lundys are ORDERED to file their amended pleading within 14 days of the filing of this order.

Dated this 19th day of January, 2024.

Tiffany M. Cartwright
United States District Judge